FILED
SEP 10 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eldridge J. Harmon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1536 |
| ) | |
| John L. Oberdorfer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The plaintiff is a District of Columbia resident suing an attorney in the District of Columbia. His claim arises from a long-settled case in which the defendant served as class counsel and the plaintiff was a member of the class. *See Berger v. Iron Workers Reinforced Rodmen Local 201*, No. 75-1743 (JGP) (May 9, 2005 Mem., ECF No. 918) (denying collateral petition); *see also Berger v. Iron Workers Reinforced Rodmen Local 201*, 170 F.3d 1111, 1127 (D.C. Cir. 1999) (affirming plaintiff's class membership). Although the plaintiff purports to invoke federal court jurisdiction under the federal question provision set out at 28 U.S.C. § 1331, *see* Compl. Caption, the puzzling allegations fail to support a claim against the named private defendant under either the Constitution or federal law. In addition, the complaint presents no

basis for diversity jurisdiction because both parties are located in the District, thereby defeating the requirement under 28 U.S.C. § 1332 that the parties have diverse citizenship.

Regardless, this action is foreclosed by (1) the settlement of the class action, (2) the Court's approval of the settlement after a fairness hearing held on February 4, 2000, (3) the Stipulation of Dismissal with prejudice filed on January 23, 2001, and (4) the plaintiff's failure to appeal (or appeal successfully) the settlement. *See* Mem. at 1-2. Furthermore, any conceivable state law claim is likely to be untimely under the District of Columbia's statute of limitations, which at the latest expired three years after the 2001 dismissal. *See generally* D.C. Code § 12-301. Thus, this case will be dismissed with prejudice.[1]

/s/ Reggie B. Walton
United States District Judge

Date: September 8, 2014

---

[1] A separate Order accompanies this Memorandum Opinion.